U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2007 AUG 27 AM 9:08

BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

WELLS FARGO BANK, N.A., )
)
    Plaintiff, )
)
v. )
)
HOWARD M. SINNOTT, II, ) Docket No. 1:07-cv-169
JANET M. SINNOTT, UNITED )
STATES DEPARTMENT OF JUSTICE )
and OCCUPANTS RESIDING AT )
20 MONUMENT AVENUE, )
BENNINGTON, VERMONT )
)
    Defendants )

## AMENDED VERIFIED ANSWER AND JURY DEMAND

Now comes defendants Howard M. Sinnott, II, and Janet M. Sinnott, each acting pro-se, as their Answer to the Complaint of Plaintiff and state as follows:

1. Admits the allegations set forth in paragraphs 2, 4, 5, 6, 11 and 12 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 7, 8, 9, and 10 of the Complaint.

3. Are not required to answer the allegations set forth in paragraph 3 of the Complaint.

4. Respectfully refers the Court to the provisions of the Note and Mortgage referenced in paragraphs 14 and 15 of the Complaint.

5. Denies each and every allegation contained in paragraphs 16, 17 and 18 of the Complaint.

6. Regarding the allegations contained in paragraph 19 of the Compliant, admits the allegations set forth in 19a. to the extent that such a lien exists, and denies the allegations set forth in paragraph 19b. that there are any other occupants residing at the property.

7. Regarding paragraph 20 of the Complaint, defendants repeat and re-allege each and every allegation set forth in paragraphs 1-6 of this Answer as if set forth herein.

8. Regarding paragraph 21 of the Complaint, defendants invokes the power of sale.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE AND COUNTERCLAIM

9. As of January 2007, the Note and Mortgage was owned and serviced by Washington Mutual Bank, and defendants sent their monthly payments of $716.42 to them.

10. In February 2007 plaintiff notified defendants that they had acquired the Note and Mortgage from Washington Mutual. At the time of such notification, defendants were current on the principal and interest payments required by the Note.

11. In March 2007, plaintiff notified defendants that their payment was being raised from $716.42 per month to $2,478.10 per month. Plaintiffs knew, or should have known, that such an increase in payment could not be afforded by defendants and would necessarily lead to an inability by defendants to make the payments.

12. In April 2007, defendants made a payment of $716.42, and accompanied it with a letter from defendant Howard Sinnott, II to plaintiff seeking to discuss the terms of the increase and to negotiate a modification and extension agreement with defendants.

13. Plaintiff failed to respond to such letter, and instead applied the entire payment to escrow, notwithstanding defendants' express desire in the April 2007 letter that such payment be applied to principal and interest while negotiations could be undertaken.

14. In May 2007, defendant Howard Sinnott, II sent another letter seeking a modification and extension agreement, and in addition responded to a solicitation by plaintiff to submit additional information to them. On all of these occasions plaintiff represented to defendants that it was the holder and owner of the Note and Mortgage in question.

15. In fact, as evidenced by paragraph 11 of the Complaint and documentation attached therein, the plaintiff did not actually acquire ownership of the Note and Mortgage until July 26, 2007, and plaintiff knew at the time the representations were made to defendants that it was not the owner and holder of the Note and Mortgage.

16. Accordingly, the plaintiff's representations to defendant prior to July 26, 2007 were false, and plaintiff knew or should have known that they were false, and that any actions undertaken by plaintiff prior to July 26, 2007 were done without any legal authority and defendants relied upon such notifications and actions to their detriment.

17. By raising the monthly payment amount without legal authority, plaintiff breached the agreement, and also induced defendants to fall into default by its misrepresentations.

18. In addition, the Note and Mortgage requires that the holder of such instruments notify the borrowers of any default and accord the borrowers an opportunity of at least 30 days to cure such default.

19. As set forth in paragraph 11 of the Complaint, plaintiff acknowledges that it only became the holder of the instruments on July 26, 2007, a mere 7 days prior to the institution of this foreclosure proceeding, although it fraudulently represented itself to be the holder of the instruments on an earlier date.

20. Accordingly, under the terms of the Note and Mortgage it was impossible for plaintiff to have afforded defendant the required notice until it was the holder of the instruments, and thus this action was not properly brought.

21. Defendant has been duly damaged by these fraudulent and unauthorized actions by plaintiff, and has been damaged as a result.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE AND COUNTERCLAIM

22. As set forth in paragraph 11 of the Complaint, plaintiff acquired the Note and Mortgage through an assignment from another lending institution.

23. Upon information and belief plaintiff would have performed a due diligence review of defendants' loan prior to acquiring the Note and Mortgage to determine the current payment condition of the loan and the existence, if any of any escrow deficiency or past due taxes on the property.

24. Upon information and belief, as part of that due diligence, plaintiff would have examined the file and seen the appraisal originally performed on the property and would have determined that past due taxes had been paid and created a deficiency in the escrow balance.

25. Upon information and belief and notwithstanding such due diligence, plaintiff acquired the loan and immediately purported to increase the monthly payment from $716.42 to $2,478.10 per month without first contacting defendants to ascertain their ability to pay or to reach a reasonable accommodation so as to avoid default.

26. On four different occasions, defendant Howard Sinnott, II sent written communications to plaintiff in an attempt to reach a reasonable accommodation with plaintiff to avoid default and foreclosure, the first such attempt being made while the loan was still on a current payment status.

27. On July 18, 2007, defendant Howard Sinnott, II contacted plaintiff's offices by telephone and was assured by a plaintiff's representative that plaintiff would be sending him a proposed workout plan within 30-45 days and that plaintiff wanted to work with defendant and did not intend to foreclose.

28. On August 1, 2007 defendant Howard Sinnott, II received a copy of the foreclosure complaint in the mail addressed to "Occupants" and called Plaintiff's offices again and this time the representative told defendant Howard Sinnott, II that his file had not yet even been opened or looked at and that she could not say when it would be looked at or an offer given, and plaintiff refused to place this action in abeyance pending such an offer by its office, notwithstanding its pledge made to Mr. Sinnott on July 18, 2007.

29. Relying on the assurances by plaintiff made on July 18, 2007 and before August 1, 2007, defendant Howard Sinnott, II agreed to adjourn another matter pending in this Court to obtain permission to refinance the property that is the subject of this foreclosure. That matter was required because of the lien referred in paragraph 19 of the complaint.

30. Subsequently the refinance offer from another lender was withdrawn, and upon information and belief the withdrawal was caused by adverse information entered on the credit report by plaintiff regarding this mortgage, despite the fact that it did not even own the mortgage and note at the time it submitted such information to credit reporting agencies. These actions lowered defendants' credit scores and caused a denial of their refinance attempt

31. In any dealings with a consumer, Plaintiff owes a duty of good faith and fair dealing

32. Notwithstanding such attempts by defendant to seek an accommodation, plaintiff has misled defendants both on the time it obtained ownership of the Note and Mortgage as well as its intentions sand processes in working out an accommodation with defendants and then proceeded to institute this action and thus has not fulfilled that duty of good faith and fair dealing.

33. Upon information and belief, such course of conduct would appear to indicate the plaintiff's intent from the moment of acquisition to institute foreclosure, without according defendants a reasonable opportunity to avoid the loss of their home.

34. Plaintiff's actions have damaged defendant in that its institution of the foreclosure complaint has lowered defendants' credit scores to make them ineligible for the refinance for which they had been previously approved, and that the deteriorating credit climate now makes it impossible for them to obtain other financing, and these developments have caused mental anguish as well as the likelihood that there will need to be a quick sale of the property resulting in a substantial financial loss, to whom the United States is a third party beneficiary.

Regarding the counterclaims contained in this Answer, defendant demands trial by jury.

**WHEREFORE**, defendants Howard M. Sinnott, II and Janet M. Sinnott respectfully request the Court to dismiss the Complaint, and to award to defendant appropriate compensatory and exemplary damages to compensate them for plaintiff's violation of its duty to them, and to grant such other and further relief as the Court deems just and proper, plus their costs and disbursements.

Dated: Bennington, Vermont
August 24, 2007

_____
Howard M. Sinnott, II, defendant pro-se

_____
Janet M. Sinnott, defendant pro-se
20 Monument Avenue
Bennington, Vermont 05201
(802) 442-0230

## VERIFICATION

We the undersigned defendants, declare and state that we are the defendants in the above-captioned action, that we have read the answer filed herewith and know the contents thereof; that the same is true to our own personal knowledge, except as to those matters therein alleged to be on information and belief, and as to those matters, we believe them to be true, that the sources of our information and the grounds for our knowledge or belief are documents in our possession and recollections of events.

_____
Howard M. Sinnott, II

_____
Janet M Sinnott

Sworn to before me this
24th day of August, 2007

_____
Timothy R. Curran
Notary Public State of Vermont
My Commission expires 2/10/11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HOWARD M. SINNOTT, II, ) | Docket No. 1:07-cv-169 |
| JANET M. SINNOTT, UNITED ) | |
| STATES DEPARTMENT OF JUSTICE ) | |
| and OCCUPANTS RESIDING AT ) | |
| 20 MONUMENT AVENUE, ) | |
| BENNINGTON, VERMONT ) | |
| ) | |
| Defendants ) | |

## CERTIFICATE OF SERVICE

The undersigned, a defendant in this action, does certify that I have served a copy of the Amended Verified Answer of defendants Howard M. Sinnott, II and Janet M. Sinnott with Jury Demand upon the following parties on August 24, 2007 by mailing a copy to them at the following addresses:

Joshua B. Lobe, Esq.
Lobe & Fortin
30 Kimball Avenue Suite 306
South Burlington, VT 05402

Melissa A. D. Ranaldo, Esq.
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402

Dated: Bennington, Vermont
August 24, 2007

_____
Howard M. Sinnott, II
20 Monument Avenue
Bennington, Vermont 05201
(802) 442-0230