```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

| | |
|---|---|
| WELLS FARGO BANK, N.A., : | |
|     Plaintiff, : | |
|         v. : | Case No. 2:07-CV-169 |
| HOWARD M. SINNOTT, II, JANET M. : SINNOTT, UNITED STATES DEPARTMENT : OF JUSTICE, and OCCUPANTS RESIDING : AT 20 MONUMENT AVENUE, BENNINGTON, : VERMONT, : | |
|     Defendants. : | |

                                ORDER

The Report and Recommendation of the United States Magistrate Judge was filed January 29, 2008. Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed objections on February 5, 2008.

A district judge must make a de novo determination of those portions of the report or recommendation to which objection is made. 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

After careful review of the file, the Magistrate Judge's Report and Recommendation and the objections, the Court **adopts** the Magistrate Judge's recommendations that Wells Fargo's motion for summary judgment be denied and that the Sinnotts be afforded

an opportunity to obtain discovery on their counterclaims. thirty days from the date of this order in which to submit a discovery schedule pursuant to Local Rule 26.1.

"[F]oreclosure actions are equitable in nature and therefore it is proper for the court to weigh the equities of the situation." *Merchants Bank v. Lambert*, 559 A.2d 665, 666 (Vt. 1989). "Where [a] mortgagor establishes damages arising from [a] mortgagee's breach of contract exceeding the amount due on the note, the mortgagor cannot be held in default on the note." *Retrovest Assocs., Inc. v. Bryant*, 573 A.2d 281, 285 (Vt. 1990).

The Sinnotts, proceeding pro se, have raised issues of fraud and breach of the covenant of good faith and fair dealing. These types of affirmative defenses may be raised in a foreclosure action. *See Vt. Nat'l Bank v. Clark*, 588 A.2d 621, 623 (Vt. 1991). As Wells Fargo acknowledges, if successful, the Sinotts would be entitled to a remedy; this may or may not consist of damages that would exceed the amount due on the note.

The Sinnotts have had no opportunity to obtain discovery on their claims. Wells Fargo's motion for summary judgment (Doc. 19) is **denied.** The parties are directed to submit a discovery schedule pursuant to Local Rule 26.1 within thirty days of the date of this order. Responses to Howard Sinnott's request for production of documents shall be due as provided in Local Rule 33.1.

Dated at Burlington, in the District of Vermont, this 15th day of February, 2008.

                                              <u>/s/ William K. Sessions III</u>
                                              William K. Sessions III
                                              Chief Judge
                                              U.S. District Court