UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Wells Fargo Bank, N.A., : | |
|     Plaintiff, : | |
| : | |
| v. : | Docket No. 2:07-CV-169 |
| : | |
| Howard M. Sinnott, II, Janet M. Sinnott, : | |
| United States Department of Justice, and : | |
| Occupants residing at 20 Monument : | |
| Avenue, Bennington, Vermont, : | |
|     Defendants. : | |

ORDER AND OPINION RE:
MAGISTRATE JUDGES'S REPORT AND RECOMMENDATION

This matter came before the court on the Partial Objections of Defendants Howard M. Sinnott, II and Janet M. Sinnott (the "Sinnotts") to the Magistrate Judge's Report and Recommendation. The Report and Recommendation of the United States Magistrate Judge was filed on December 10, 2009.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Perez-Rubio v. Wycoff,* 718 F. Supp. 217, 227 (S.D.N.Y. 1989). The district judge may "accept, reject, or modify, in whole or in part, the magistrate's proposed findings and recommendations." *Perez-Rubio,* 718 F. Supp. at 227. A *de novo* determination pursuant to Section 636(b)(1) "permit[s] whatever reliance a district court, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz,* 447 U.S. 667, 676 (1980).

The Sinnotts filed timely "partial and limited" objections to the Magistrate Judge's Report and Recommendation. Sinnotts' Partial Objections at 1 (Doc. 104). In their objections,

the Sinnotts ask the court to examine whether Wells Fargo Bank, N.A. ("Wells Fargo") is entitled to recover reasonable attorney's fees associated with its defense of the Sinnotts' counterclaims. The Sinnotts acknowledge that they "did not raise this in our original objection to the attorney's fees...." (Doc. 104 at 1). Wells Fargo counters that the Sinnotts have waived this argument, having failed to raise it before the Magistrate Judge.

In his Report and Recommendation, the Magistrate Judge found that "neither the Sinnotts nor the United States argue that fees incurred defending the Sinnotts' counterclaims should be excluded from the award, such that Wells Fargo would be compensated only for time spent prosecuting the foreclosure action." Report and Recommendation at 7 (Doc. 102). For this reason, the Magistrate Judge did not attempt to resolve this question of law, but instead merely cited cases espousing opposing views on this issue.

The Court of Appeals for the Second Circuit has not decided whether a district court must consider a legal argument raised for the first time in an objection to a magistrate judge's report and recommendation. Contrary to Wells Fargo's assertion, *Hynes v. Squillace,* 143 F.3d 653 (2d Cir. 1998) does not resolve this question. In *Hynes,* the Second Circuit addressed the district court's discretion to consider new evidence raised for the first time in an objection to a magistrate judge's report and recommendation. *Id.* at 656. It observed that while this practice is not favored, "[b]oth § 636(b)(1) and Fed. R. Civ. P. 72(b) explicitly permit the district court to receive additional evidence as part of its review." *Id.* *Hynes* is silent regarding the district court's discretion to consider a legal argument raised for this first time in an objection to a magistrate judge's report and recommendation. Both § 636(b)(1) and Fed. R. Civ. P. 72(b) are silent on this issue as well.

The Court of Appeals for the Eleventh Circuit recently summarized the split of circuit

2

court authority regarding the extent of the district court's discretion to consider a new argument:

> Circuit courts differ on the meaning of *de novo* review by the district court as stated in the Magistrates Act and Federal Rule of Civil Procedure 72(b). For example, in *United States v. George,* the Fourth Circuit held that as part of its obligation to determine *de novo* any issue considered by the magistrate judge to which a proper objection is made, a district court must consider all arguments, regardless of whether they were raised before the magistrate judge. 971 F.2d 1113, 1118 (4th Cir. 1992). The First, Fifth, Ninth and Tenth Circuits, however, have rejected this idea, finding that requiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation.

*Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009).

In *Williams,* the Eleventh Circuit adopted a standard that preserves the systemic efficiencies afforded by the Magistrates Act, while recognizing that the district court is vested with "ultimate adjudicatory power over dispositive motions." *Id.* at 1291-92 (quoting *Raddatz,* 447 U.S. at 675). Accordingly, it held "that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams,* 557 F.3d at 1292.

The court predicts that the Second Circuit will adopt this same standard. This approach allows an Article III judge to retain final decision-making authority "while granting 'the widest discretion' on how to treat the recommendations of the magistrate." *Raddatz,* 447 U.S. at 675, (quoting S. Rep. No. 94-625, at 10 (1976)). In contrast, a *per se* rule that either prohibits or requires a district court to consider an argument not raised before the magistrate judge undermines the "total control and jurisdiction" the district court retains when it refers dispositive motions to the magistrate judge for recommendation. *See Thomas v. Arn,* 474 U.S. 140, 153 (1985) (quoting *Raddatz,* 447 U.S. at 681). It is also contravenes the plain language of § 636(b)(1) which permits the district court to "reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."

Having determined that a district court has the discretion to consider, or decline to consider, an argument raised for the first time in an objection to a magistrate judge's report and recommendation, the court must now determine whether to consider the Sinnotts' new argument in this case. The Second Circuit has not yet promulgated a standard for this exercise of discretion. The Court of Appeals for the Fifth Circuit has opined that "[t]he best description of the district court's discretion is that it should be at least as broad as that conferred on the district court to determine motions for reconsideration of its own rulings." *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

In the Second Circuit, the threshold for prevailing on a motion for reconsideration is high. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted). The failure to raise a legal argument until a motion for reconsideration is not dispositive:

> Although generally this Court 'will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration[,] [t]his "waiver" rule is one of prudence ... and [is] not jurisdictional.' *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003). This Court retains 'broad discretion to consider issues not timely raised below.' *Id.* (citations and quotations omitted). This is especially the case 'where the issues not addressed below involved purely legal questions.' *J.C. v. Regional School Dist. 10, Bd. of Educ.*, 278 F.3d 119, 125 (2d Cir. 2002).

*Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 54 (2d Cir. 2004).

A "purely legal question" is one for which "there is no need for additional factfinding." *Official Comm. of Unsecured Creditors of Color Tile, Inc.,* 322 F.3d at 159 (internal quotation marks omitted). Consideration of a new argument is generally further confined to one that raises

4

a legal issue "where the proper resolution is beyond any doubt." *Id.* (quoting *Singleton v. Wulff,* 428 U.S. 106, 120-21 (1976)).  For example, in *J.C. v. Regional School Dist. 10, Bd. of Educ., supra*, an intervening decision by the United States Supreme Court rendered the resolution of a "purely legal issue ... no longer open to serious question."  *Id.* at 125.

The Second Circuit's precedent regarding when new evidence should be considered in an objection to a magistrate judges's report and recommendation is also instructive:

> Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review.  *See, e.g.*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) (finding no abuse of discretion in court's refusal to consider supplemental evidence); *Pan American World Airways, Inc. v. International Bhd. of Teamsters*, 894 F.3d 36, 40 n.3 (2d Cir. 1990) (holding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff 'offered no justification for not offering the testimony at the hearing before the magistrate'); *see also Wallace v. Tilley,* 41 F.3d 296, 302 (7th Cir. 1994) ('It is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order has been issued and then submit evidence that the party had in its possession but chose not to submit.  Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received.') (internal quotation marks and citation omitted).

*Hynes,* 143 F.3d at 656.

Guided by the Second Circuit's standards for consideration of new legal arguments raised for the first time in a motion for reconsideration, and its standard for considering new evidence in an objection to a magistrate judge's report and recommendation, the court concludes that an exercise of discretion, in this case, should be guided by the following factors: (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is

5

not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

Application of the foregoing standards to the instant case reveals that the interests of justice militate against consideration of the Sinnotts' new legal argument for the following reasons.

First, whether Wells Fargo was entitled to recover fees incurred in defending against a counterclaim in a foreclosure action was at the crux of its motion for attorney's fees. It is undisputed that Wells Fargo's counterclaim defense fees represented the lion's share of its requested fees. Accordingly, both the Sinnotts and the United States had a clear incentive to challenge the recoverability of those fees in the first instance. Instead, they chose to address only whether the claimed fees were reasonable. The Sinnotts cite no hardship other than their *pro se* status that prohibited them from addressing this issue.

Second, this is not a case in which an intervening statute or case has changed the legal complexion of the matter before the court. The issue now raised by the Sinnotts was present in the case from its inception. Indeed, the underlying note and mortgage provided the first notice to the Sinnotts that the extent of Wells Fargo's recovery of attorney's fees was not predetermined. Vermont law provided the remaining notice:

> In any event, an award of attorney's fees in a mortgage foreclosure action is discretionary. Even where the mortgage deed contains an agreement on the part of the mortgagor to pay the mortgagee's attorney's fees in the event of foreclosure, Vermont provides by statute that 'the court in which the complaint is brought shall allow such fee as in its judgment is just.'

*Retrovest Associates, Inc. v. Bryant,* 153 Vt. 493, 501 (1990) (quoting 12 V.S.A. § 4527)). It was thus the Magistrate Judge's observations regarding the state of the existing law, rather than

6

new developments in the law, that gave rise to the Sinnotts' new legal argument.

Third, were the court to exercise its discretion and consider the Sinnotts' new legal argument, it would not be deciding a purely legal issue even if it rendered a decision fully favorable to the Sinnotts. Further briefing, evidentiary hearings, and additional fact-finding may be necessary to parse out those fees incurred by Wells Fargo in the foreclosure of its mortgage versus those fees incurred in defending against the Sinnotts' counterclaim.

Fourth, the Sinnotts' new argument raises an issue of first impression under Vermont law. *See Official Comm. of Unsecured Creditors of Color Tile, Inc.,* 322 F.3d at 160 (declining to exercise discretion to consider a new issue where it presented questions of first impression under Texas law). As the Magistrate Judge correctly observed, outside of Vermont, there is a split of authority regarding whether a mortgagor can recover fees incurred in defending against a counterclaim. The Vermont Supreme Court has not squarely addressed this issue of state law. See *Retrovest Associates, Inc.,* 153 Vt. at 501. As a result, the issue, "while perhaps worthy of certification if raised in another context–is by definition subject to contradictory interpretations and thus not 'beyond any doubt.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 161.

Finally, no manifest injustice will result if the court declines to consider the Sinnotts' new argument. In contrast, if the court exercises its discretion and decides this issue of first impression under Vermont law either *de novo,* through certification, or by returning it to the Magistrate Judge for further proceedings, the Sinnotts' new argument will continue "litigation that spanned over two years and ultimately required significant briefing...." Report and Recommendation at 15. It may also beget further legal issues as the parties are likely to dispute whether Wells Fargo's fees incurred in both fending off reconsideration and defending against
7

the Sinnotts' new argument are recoverable under Vermont law.  As a result, virtually all of the efficiencies associated with referring this matter to the Magistrate Judge will be lost if the Sinnotts' new argument is considered.  Litigation that the Magistrate Judge has already determined was too expensive will become yet more expensive.  Judicial economy and fairness thus militate against the court's consideration of an argument that could and should have been raised before the Magistrate Judge.  See Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

For the foregoing reasons, the court declines to consider the Sinnotts' new argument raised for the first time in the Sinnotts' objections to the Magistrate Judge's Report and Recommendation.

After careful review of the file and the Magistrate Judge's Report and Recommendation, this court hereby ADOPTS the Magistrate Judge's findings and recommendations in full for the reasons stated in the Report.

SO ORDERED.

Dated at Burlington, Vermont this 19th day of January, 2010.

/s/ Christina Reiss
Christina Reiss
United States District Judge