UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

WELLS FARGO BANK, N.A., )
    Plaintiff, )
)
v. ) Civil Action No. 5:07-cv-169
)
HOWARD M. SINNOTT, II, )
JANET M. SINNOTT, UNITED )
STATES DEPARTMENT OF JUSTICE )
and OCCUPANTS RESIDING AT )
20 MONUMENT AVENUE, )
BENNINGTON, VERMONT, )
    Defendants. )

## OPINION AND ORDER RE: OBJECTION TO SHORTEN REDEMPTION PERIOD

This matter came before the court on the objection of Defendants Howard M. Sinnott, II and Janet M. Sinnott (the "Sinnotts") to the Magistrate Judge's Opinion and Order filed on March 22, 2010 (the "Order"). In his Order, the Magistrate Judge shortened the redemption period in this foreclosure action from six months to ninety days. The Sinnotts assert that, in doing so, the Magistrate Judge committed clear error and issued a decision contrary to established law.

A district judge must make a *de novo* determination of those portions of a magistrate judge's order to which an objection is made. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b). "The district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

An order is "clearly erroneous" when, although there is evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1984); *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006). A court may not reverse a

finding simply because it would have "weighed the evidence differently." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985); *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003).

"An order may be deemed 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *In re Natural Gas Commodities Litig.*, 232 F.R.D. 208, 211 (S.D.N.Y. 2005). "The party seeking to overturn a magistrate judge's decision carries a heavy burden." *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 87 (S.D.N.Y. 2002) (citation omitted).

At issue here is the following provision of Vermont foreclosure law:

> If a decree is made foreclosing the right of redemption, the time of redemption shall be six months from the date of the decree unless a shorter time is ordered. The court shall fix the period of redemption taking into consideration whether there is value in the property in excess of the mortgage debt and debt owed to junior lienholders, any assessed but unpaid property taxes, the condition of the property, and any other equities.

12 V.S.A. § 4528(a).

In his Order, the Magistrate Judge considered the Sinnotts' claims that they had equity in the property in excess of the mortgage debt and the amount owed to the United States. (Doc. 115 at 3.) He also considered the absence of unpaid property taxes and the fact that the property was being properly maintained. *Id.*

The Magistrate Judge further noted that the Sinnotts had occupied the property for a number of years and would need time to find suitable housing for themselves and several domesticated animals. (Doc. 115 at 2-3.) For this reason, the Magistrate Judge rejected Wells Fargo's request for a thirty-day redemption period.

Counterbalancing the equities that favored the Sinnotts, the Magistrate Judge found that Howard Sinnott had been obliged, pursuant to a plea agreement with the federal government, to use his "best efforts" to sell the premises since 2005. In addition, this foreclosure action was in its third year thus, providing ample time, opportunity, and

incentive to the Sinnotts to sell the property or cure their default under the Wells Fargo mortgage well in advance of any redemption period. For these reasons, the Magistrate Judge concluded that a ninety-day redemption period was warranted and supported by the equities. (Doc. 115 at 3.)

The Sinnotts challenge the Magistrate Judge's Order on two grounds. First, they assert that the Magistrate Judge committed clear error when he cited case law that predated the enactment of 12 V.S.A. § 4528(a) "as controlling." (Doc. 117 at 2.) Nothing in the Order supports either this characterization or conclusion. The Order notes that the existing case law "interpret[s] a prior version of § 4528" and neither asserts nor suggests such case law is "controlling." (Doc. 115 at 2.) In any event, the allegedly objectionable case law was merely cited for the uncontroversial proposition that in determining whether to shorten the redemption period, a court may consider the pleadings, the evidence, and the positions taken by the parties. *Id.* The Magistrate Judge did not commit clear error in either citing or considering case law that predates the amendments to Section 4528(a), nor was such determination contrary to law.

Second, the Sinnotts contend that the Magistrate Judge "never addressed the specific criteria contained in the second sentence of 12 V.S.A. § 4528, and in fact there is not a single finding that Wells Fargo satisfied any of the reasons cited in the sentence for the granting of a shortened redemption period." (Doc. 117 at 2.) As noted above, the Magistrate Judge addressed each of the specific criteria in the second sentence of Section 4528, found those factors favored the Sinnotts, and nonetheless concluded that the balance of equities favored a shortened redemption period. There was neither error in the manner in which the Magistrate Judge reached this conclusion, nor error in the conclusion itself. Section 4528(a) specifically authorizes a court to consider "any other equities." 12 V.S.A. § 4528(a). The court agrees that these other equities counterbalance the equities that weigh in favor of the Sinnotts and support a shortened redemption period of ninety days.

3

The Magistrate Judge's Order is hereby ADOPTED and AFFIRMED and the ninety-day redemption period shall commence as of the date of the filing of this Order. SO ORDERED.

Dated at Burlington, Vermont this 13th day of April, 2010.

Christina Reiss
United States District Court Judge